FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 19 2013

CENTRAL DISTRICT OF CALIFORNIA
BY  shy                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESTRADA SIQUEIROS, | Case No. EDCV 12-01790 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, SUBSTITUTED FOR MICHAEL J. ASTRUE, | |
| Defendant. | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising two disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") erred in finding that he is capable of alternative work at step five of the sequential evaluation process, as his residual functional capacity ("RFC") prevents him from performing the jobs that the vocational expert ("VE") identified at the administrative hearing. (JS 5-13, 18-19.) The ALJ found, in part, that Plaintiff has the RFC for a limited range of light work, is able

to engage in frequent fine manipulation such as keyboarding and frequent gross manipulation such as opening drawers and carrying files, but is precluded from forceful gripping, grasping, or twisting, and is limited to simple, repetitive tasks. (AR 14.)

When presented with a hypothetical question based on Plaintiff's RFC, the VE identified two examples of jobs that could be performed, cashier (Dictionary of Occupational Titles ("DOT") 211.462-010) and sewing machine operator (DOT 689.685-118). (AR 16, 56-57.) The VE explained that the number of available cashier jobs was eroded by 90 percent due to Plaintiff's limitations. (AR 16, 57.) As for the sewing machine operator job, the VE testified that there was an erosion of 50 percent, due to the possibility of continuous use of the hands. (AR 57.) The VE stated that her opinion was consistent with the DOT. (AR 58.) In a second hypothetical question, the ALJ asked the VE to consider a person with an additional limitation of no more than occasional use of the hands. (AR 58.) The VE responded that a person with those limitations could perform the jobs of call out operator (DOT 237.367-014) and surveillance system monitor (DOT 379.367-010). (AR 16, 58.) Plaintiff contends that the demands of the four jobs identified by the VE are beyond his occupational limitations.

First, Plaintiff asserts that he is unable to perform the sewing machine operator job due to his inability to forcefully grip, grasp or twist his hands. (JS 7-11.) As described in the DOT, the sewing machine operator position involves clamping material and padding in a mattress frame, placing the mattress frame in a rack under the head of a sewing machine, and bolting a pilot pattern plate on a platform beneath the mattress frame, using a wrench. DOT 689.685-118. Plaintiff asserts that the activities of "moving, wrenching, and clamping a mattress cover into a frame" conflict with his restriction against "forceful gripping, grasping or twisting," and that the ALJ erred by failing to solicit sufficient explanation from the VE for the deviation from the DOT. (JS 8-9); *Massachi v. Astrue*, 486 F.3d 1149, 1154 (9th Cir. 2007).

Plaintiff's contention that the job of sewing machine operator requires forceful gripping, grasping or twisting is speculative and does not invalidate the VE's statement

Page 2

that her testimony was consistent with the DOT. (AR 58.) Although the DOT provides that the sewing machine operator job requires frequent handling, the DOT lists no requirements for *forceful* gripping, grasping or twisting. DOT 689.685-118; *see* Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7 (defining handling as the ability to "seiz[e], hold [ ], grasp[ ], turn[ ], or otherwise work[ ] primarily with the whole hand or hands"). Further, the ALJ specifically asked the VE to address the impact of Plaintiff's limitations on the occupational base. (AR 57); *see* SSR 85-15, 1985 WL 56857, at *7 (explaining that because significant limitations in handling may eliminate a large number of occupations a person can perform, testimony from a VE may be needed to determine the effects of a claimant's limitations). The VE's testimony established that, even with a 50 percent erosion due to Plaintiff's handling limitations, a significant number of sewing machine operator jobs remained available (8,000 jobs in the region and 85,000 jobs in the national economy). (AR 57.) As Plaintiff has not demonstrated that an actual or apparent conflict exists between the VE's testimony and the DOT, the ALJ did not err in relying on the VE's testimony to find that Plaintiff could work as a sewing machine operator.

Next, Plaintiff contends that the ALJ erred in finding that Plaintiff could perform the alternate jobs of cashier (DOT 211.462-010), call out operator (DOT 237.367-014) and surveillance system monitor (DOT 379.367-010) because, according to the DOT, such jobs would require Plaintiff to function at reasoning Level 3. (JS 11-13.) Plaintiff asserts that a reasoning Level 3 is inconsistent with his limitation to simple, repetitive tasks. (JS 11-13.) The Commissioner disagrees. (JS 15-18.)

Level 3 reasoning is defined as the ability to: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See* DOT, Appendix C. The Ninth Circuit has yet to directly address the question of whether a limitation to simple, repetitive, or routine tasks is inconsistent with Level 3 reasoning skills. *Cf. Bordbar v. Astrue*, 475 Fed. Appx. 214, 215 (9th Cir. Jul. 30, 2012) (holding

Page 3

that it was unnecessary to determine whether a limitation to "one to two-step simple instruction kinds of jobs" conflicted with the VE's testimony that the claimant could perform DOT jobs requiring Level 2 or Level 3 reasoning skills, as the medical evidence and the claimant's statements established that the claimant was capable of performing Level 2 reasoning skills). However, numerous district courts have held that a limitation to simple, repetitive, or routine tasks is incompatible with a reasoning Level of 3. *See, e.g., Flores v. Astrue*, CV 11-10714-MAN, 2013 WL 146190, at *6 (C.D. Cal. Jan. 11, 2013); *Carney v. Astrue*, No. EDCV 09-1984 JEM, 2010 WL 5060488, at *4 (C.D. Cal. Dec. 6, 2010); *Franklin v. Astrue*, No. CV 12-258 MRW, 2013 WL 425118, at *2 (C.D. Cal. Jan. 31, 2013); *Stevens v. Astrue*, No. CV 10-8042 SP, 2011 WL 4055804, at *4 (C.D. Cal. Sept. 12, 2011); *Clark v. Astrue*, No. ED CV 09-9453 PJW, 2011 WL 1648584, at *3 (C.D. Cal. April 29, 2011); *Wright v. Astrue*, No. EDCV 10-400 SS, 2010 WL 4553441, at *4-5 (C.D. Cal. Nov. 3, 2010); *McGensy v. Astrue*, No. EDCV 09-152 AGR, 2010 WL 1875810, at *3 (C.D. Cal. May 11, 2010); *Pak v. Astrue*, No. EDCV 08-714 OP, 2009 WL 2151361, at *7 (C.D. Cal. July 14, 2009). The Court concurs with the reasoning and conclusion in these cases. On the present record, there is an apparent conflict between the VE testimony and the DOT, with respect to Plaintiff's ability to perform the jobs of cashier, call out operator, and surveillance system monitor, which require Level 3 reasoning skills. However, the sewing machine operator job requires only Level 2 reasoning skills, which is consistent with Plaintiff's RFC for simple, repetitive work. DOT 689.685-118; *see, e.g., McGensy v. Astrue*, No. EDCV 09-152 AGR, 2010 WL 1875810, at *3 (C.D. Cal. May 11, 2010) (holding that "a limitation to 'simple, repetitive tasks' is consistent with level two reasoning"); *Vasquez v. Astrue*, No. CV 08-5305-OP, 2009 WL 3672519, at *3 (C.D. Cal. Oct. 30, 2009) (finding that "the DOT's reasoning development Level two requirement does not conflict with the ALJ's prescribed limitation that Plaintiff could perform only simple, routine work"); *Tudino v. Barnhart*, No. 06-CV-2487-BEN (JMA), 2008 WL 4161443, at *11 (S.D. Cal. Sept. 5, 2008) (surveying cases and noting that "[l]evel-two reasoning appears to be the

breaking point for those individuals limited to performing only simple repetitive tasks"); *Meissl v. Barnhart*, 403 F.Supp.2d 981, 984-85 (C.D. Cal. 2005) (finding Level two reasoning consistent with an RFC for "simple, routine, repetitive, concrete, tangible tasks"). Thus, the ALJ's failure to inquire about any conflict between the VE's testimony and the DOT with respect to the cashier, call out operator, and surveillance system monitor jobs was harmless error. *See, e.g., Stout v. Comm'r of Soc. Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

Accordingly, reversal is not warranted based on the claims raised in Issue #1.

### Issue #2

Plaintiff alleges disability due to respiratory problems, shortness of breath, obesity, sleep apnea, fatigue, carpal tunnel syndrome, heart problems, back pain, neuropathy and pain in his legs and feet, constant pain in his hands, difficulty sitting, standing, walking, and grasping, depression, and problems with concentration. (AR 43-55, 144.) Plaintiff claims that he experiences excruciating pain when he uses his hands and is unable to perform many tasks, due to his pain and fatigue. (AR 144.) Plaintiff contends that the ALJ improperly rejected his subjective symptom testimony based solely on a lack of objective evidence. (JS 19-28, 31; AR 14-15.) The Commissioner disagrees.

As an initial matter, the Court notes that Plaintiff misrepresents the evidence concerning his weight. Plaintiff asserts that he is incapable of maintaining substantial gainful work activity as a result of his severe impairments, including "morbid obesity with a weight of over 400 pounds." (JS 20 (citing AR 21-64, 171-73).) At his hearing, however, Plaintiff testified that he is five feet, nine inches tall and weighs 198 pounds. (AR 54.) Plaintiff stated that his weight fluctuates somewhat, as his normal weight is 210 pounds. (AR 54.) While Plaintiff's body mass index may be in the obese range, there is no indication in the medical records that Plaintiff ever weighed 400 pounds or was

considered morbidly obese. (AR 286, 303, 310, 319, 329, 330, 331, 338, 339, 343, 346, 347, 360, 362, 365, 369, 370, 380, 381, 386, 387, 392, 393, 399, 400, 407, 412, 436, 437, 440, 442, 443, 448, 451, 460, 461, 466, 481, 482, 485, 702, 711, 714, 717.) Thus, Plaintiff's argument that he is disabled based on morbid obesity is rejected.

In discounting Plaintiff's credibility, the ALJ properly found that Plaintiff failed to seek treatment for his alleged psychiatric impairment. (AR at 13, 15). Plaintiff claims that he has been suffering from depression and problems with concentration since he was injured in 1998. (AR 49, 144.) However, there is no medical evidence documenting a psychiatric impairment or psychiatric treatment prior to Plaintiff's date last insured of December 31, 2003. (AR 13, 15, 672.) Rather, the record shows that Plaintiff first sought mental health treatment in December 2009, more than six years after Plaintiff's insured status expired. (AR 661-84.) Plaintiff's failure to seek treatment was a relevant factor in assessing credibility. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (failure to assert good reason for not seeking treatment can cast doubt on sincerity of a claimant's subjective symptom testimony); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Further, the ALJ discounted Plaintiff's credibility because the record revealed no significant objective medical findings to substantiate Plaintiff's allegations of complete disability before his date last insured. (AR 14-15.) While a lack of objective evidence supporting Plaintiff's symptoms cannot be the sole reason for rejecting allegations of pain, it can be one of several factors used in evaluating the credibility of subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (lack of objective medical evidence supporting descriptions of pain and limitations negatively affected the claimant's credibility regarding the inability to work); *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ gave great weight to the opinion of the medical expert, Samuel

Page 6

1  Landau, M.D., in evaluating Plaintiff's impairments and limitations.[1] (AR 14-15, 30-42.)
2  Dr. Landau stated that his opinion was consistent with Plaintiff's workers' compensation
3  agreed medical examiner's finding that Plaintiff was precluded from very heavy lifting
4  and heavy pushing, pulling, grasping, and gripping. (AR 34, 37, 640.) Dr. Landau also
5  reported that diagnostic studies showed that Plaintiff's carpal tunnel syndrome and right
6  ulnar neuropathy were "mild." (AR 33, 526.) Dr. Landau's testimony supports the ALJ's
7  conclusion that the objective medical evidence was inconsistent with Plaintiff's
8  statements concerning the limiting effects of his impairments.

9       In sum, the ALJ offered clear and convincing reasons to discount Plaintiff's
10 testimony regarding the extent of his pain and limitations, noting not only a lack of
11 objective medical evidence to corroborate the extent of Plaintiff's asserted pain and
12 limitations, but also Plaintiff's failure to seek treatment for his alleged mental
13 impairment, prior to his date last insured. Accordingly, reversal or remand is not
14 warranted on the basis of Issue #2.

## ORDER

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's

///
///
///

---

[1] Dr. Landau reviewed Plaintiff's medical records and opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday with normal breaks, occasionally stoop and bend, climb stairs, and engage in frequent fine manipulation, but Plaintiff could not climb ladders, work at heights, balance, or engage in forceful gripping, grasping or twisting, and must have an air conditioned work environment that is free of excessive inhaled pollutants. (AR 15, 31-32.)

final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: December 19, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE